## CENTORBI v. LUKEN'S STEEL CO. AND THADDEUS LUKE

———

(November 28, 1927. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 625.**
The decision of the trial judge is affirmed, because only questions of fact are involved and the evidence amply sustains his conclusions.

Appeal from the Civil District Court, Div. "C." Hon. E. K. Skinner, Judge.

Action by Martin Centorbi against Luken's Steel Co. & Thaddeus J. Luke.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

George Piazza, of New Orleans, attorney for plaintiff, appellant.

Milner & Porteous, of New Orleans, attorneys for defendant, appellee.

JONES, J. Plaintiff alleges that about 5:50 p. m., on the 28th day of September, 1925, he was driving a Ford truck, owned by the Hubig Pie Company, down Chartres Street; that when he neared the intersection of Mandeville Street, about fifty feet away, he began to signal with his left hand, as he intended to turn to the left into Mandeville Street; that when he reached the intersection of Mandeville Street he began to turn to his left in

order to go into Mandeville Street, towards the lake; that at the time he began to turn there was no obstruction to prevent him from so doing, and no vehicle close enough to his truck to make his turning to the left unsafe; that he had nearly completed his turn and had crossed more than one-half of Chartres Street and was about to proceed into Mandeville Street when a truck owned by the Lukens Steel Company and driven by Thaddeus Luke struck the right-hand side of his car, causing personal injuries to the extent of two thousand, eight hundred two and 50-100 ($2,802.50) dollars; that at the time of the accident, and immediately prior thereto, defendant's truck was traveling in excess of twenty miles per hour, in violation of City Ordinance No. 7490; that the brakes on defendant's truck were defective and unsafe; that defendant's truck was at least one hundred and fifty feet from the intersection when plaintiff attempted to make the turn, traveling less than five miles per hour. Plaintiff itemizes his damages as follows:

Loss of salary, 7 weeks at $32.50  $227.50
Doctor and medicine bills _____  75.00
Physical pain and mental anguish 2500.00

Total _____$2802.50

The Indemnity Insurance Company of North America filed a petition of intervention and third opposition, praying for a judgment in its favor for one hundred seventy-four and 40-100 dollars ($174.40), plus interest, etc., alleging that it carried workmen's compensation insurance covering the Samuel Hubig Company against the hazard of compensation claims. The allegations in the petition of intervention are substantially the same as those of plaintiff's petition.

The defendants answered, denying any negligence and pleading that plaintiff drove directly in the path of Thaddeus Luke, who was driving the Luken's Steel Company's truck up Chartres Street, in a legal manner, close to the right-hand curb, that petitioner, without any warning, attempted to turn into Mandeville Street, and by his own negligence in failing to give warning of his intention to turn, and in crossing the path of the truck driven by Thaddeus Luke, caused the accident in question; that at the time of the accident plaintiff was looking in the opposite direction from which your respondent approached, that plaintiff was making a left-hand turn, and did not comply with the city ordinance regulating turning from one street into another. Respondents denied that the brakes were defective and that speed was excessive and plead that there was a governor on the truck. Respondents alleged in the alternative, contributory negligence.

The learned trial Judge gave a decision, rejecting plaintiff's demand and dismissing the petition of intervention.

Plaintiff has appealed to this court.

Only questions of fact are involved and a careful reading of the record convinces us that the conclusion of the trial Judge is amply sustained.

Plaintiff swears that he held out his left hand for seventy-five feet before he reached the intersection of Chartres and Mandeville, but the traffic ordinance of the City prescribes that signal as a warning for vehicles in the rear and we know of no law that makes such a signal a warning to cars approaching on the next block. To prove his case, plaintiff alleged and tried to prove excessive speed of the truck, but in this essential he entirely failed.

The evidence shows that defendant's

truck was equipped with a governor, which prevented a speed in excess of fifteen miles per hour and that the brakes had been inspected only a week before and were in good order.

Plaintiff was making a left-hand turn and in doing so should have exercised the greater care.

For above reasons the judgment is affirmed.